UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CHANDLER BROOKS,

    Plaintiff,

v.

TAYLOR COUNTY, TEXAS, et al.,

    Defendants.

No. 1:20-CV-049-H

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS FARMER AND MEISER'S MOTION TO DISMISS

Before the Court is Randall Farmer and Stan Meiser's Motion to Dismiss. Dkt. No. 15. For the reasons to follow, the Court finds that Brooks fails to allege sufficient facts to assert a deliberate-indifference claim against either Farmer or Meiser. Accordingly, the Court grants Farmer and Meiser's Motion to Dismiss without prejudice. Brooks may file an amended complaint that attempts to remedy the pleading defects addressed below no later than 28 days after the date of this order. If he elects to amend his complaint, he must also provide a Rule 7(a) reply addressing the qualified-immunity defense. This dismissal does not affect Brooks's claims against any of the remaining defendants in this case.

### 1.    Procedural Posture and Pertinent Factual Allegations

Chandler Brooks brings claims against Officers Farmer and Meiser under 42 U.S.C. § 1983 for deliberate indifference.[1] Dkt. No. 1. ¶¶ 270–77. In count six of the Complaint, Brooks asserts that the officers violated his constitutional rights under the Fourteenth

---

[1] While Brooks names a multitude of defendants in his complaint, the Court only addresses the factual allegations against Farmer and Meiser that are pertinent in deciding their Motion to Dismiss.

Amendment by failing to provide him with medical care at the time of his arrest. *Id.* at ¶¶ 261–77. In count eight, Brooks asserts that each officer is liable independently under a theory of bystander liability for the other's failure to provide him with medical care. *Id.* at ¶¶ 385–89.

The following alleged facts are taken from Brooks's initial Complaint (Dkt. No. 1), which the Court must accept as true when resolving the motion to dismiss. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). On or about March 5, 2018, Abilene Police Department Officers Farmer and Meiser were dispatched to a motel in Abilene in response to reports by motel employees that a guest had not left the room by the appropriate check-out time. Dkt. No. 1 ¶¶ 33, 34. Upon their arrival at the motel, the officers discovered that the individual in the room was not the guest who had booked the room but was instead—as would be discovered later—Chandler Brooks. *Id.* at ¶¶ 35–38.

Brooks and the officers agree that Brooks was sleeping, difficult to rouse, unsteady on his feet, unable to communicate rationally, and did not identify himself. *Id.*; Dkt. No. 15 at 7. Brooks avers that he was struck in the head with a baseball bat the previous night and that his resulting injury, not intoxication, was the reason he was unable to appropriately answer questions or identify himself. Dkt. No. 1 ¶¶ 32, 35. Brooks claims, and neither officer denies, that he had blood on the side of his head. *Id.* at ¶ 34; Dkt. No. 15 at 12. The officers arrested Brooks for criminal trespass and transported him to the Taylor County Jail. Dkt. No. 1 ¶¶ 36, 41.

Both parties note that the officers told the staff at the Taylor County Jail that Brooks was intoxicated. *Id.* at ¶ 41; Dkt. No. 15 at 12. Specifically, Brooks claims that the officers told jail staff that Brooks had taken "bad drugs" and that "it would take a few days for him

2

to come down." Dkt. No. 1 ¶ 111. According to Brooks, Farmer claimed in his report that Brooks "acted as if he was intoxicated," and Meiser told the jail staff that Brooks was refusing to identify himself. Dkt. No. 1 ¶ 37. Based on these facts, Brooks alleges that the officers deliberately ignored obvious signs of his assault and brain injury. *Id.* at ¶ 276.

Ultimately, upon Brooks's release from Taylor County Jail eight days later, his mother took him to a local hospital, where it was determined that Brooks was suffering from a skull fracture and an epidural hemorrhage. *Id.* at ¶ 173. He was later diagnosed with a traumatic brain injury. *Id.*

On May 29, 2020, Officers Farmer and Meiser moved to dismiss the claims for failure to state a claim under Rule 12(b)(6) and based on qualified immunity. Dkt. No. 15. Brooks filed a response opposing the motion on both grounds. Dkt. Nos. 17, 18. The officers subsequently filed a reply to Brooks's response. Dkt. No. 19. Accordingly, the officers' Motion to Dismiss is now ripe for review.

**2.    Legal Standards**

    **A.    Rule 12(b)(6) Motions to Dismiss**

The Court begins by setting out the standard that applies to a defendant's request for relief under Rule 12(b)(6). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

When considering a motion to dismiss, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). But a court is not bound to accept as true conclusory allegations or allegations that merely restate the legal elements of a claim. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A claim should only be dismissed if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. A motion to dismiss pursuant to Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (internal citation omitted).

Moreover, in deciding a Rule 12(b)(6) motion, a district court is limited to considering the complaint in its entirety, documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, and matters of which a court may take judicial notice. *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

4

### B. Standards Governing Qualified Immunity

In addition to the Rule 12(b)(6) standard of dismissal, the Court must also consider the standard for asserting qualified immunity. When a Section 1983 defendant pleads the affirmative defense of qualified immunity and demonstrates that he is a government official whose position involves the exercise of discretion, the plaintiff bears the burden to rebut the defense by establishing that the official's allegedly wrongful acts violated clearly established law. *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001).

The plaintiff meets this burden by satisfying a two-part test: he must establish that (1) the defendants violated a constitutional or statutory right under current law, and (2) the defendants' actions were "objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Club Retro LLC v. Hilton*, 568 F.3d 181, 194. (5th Cir. 2009). "A court may rest its analysis on either prong."[2] *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Morgan v. Swanson*, 659 F.3d 359, 385 (5th Cir. 2011) (en banc)).

Where, as here, defendants assert qualified immunity in their answers, district courts should ordinarily "insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity" under Federal Rule of Civil Procedure 7(a). *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc) (noting that "a district court's discretion not to do so is narrow indeed when greater detail might assist"). The case should not be allowed to proceed unless the plaintiff can assert specific facts that, if true, would

---

[2] Although the Supreme Court once required these questions be answered in order, and doing so is still advisable, courts have discretion to address either question first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

5

overcome the defense. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law."). Conclusory allegations and unsubstantiated assertions cannot overcome the defense. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

### 3. Analysis

The officers move to dismiss under Rule 12(b)(6), asserting that Brooks has failed to state a claim on which relief can be granted and to overcome the affirmative defense of qualified immunity. Dkt. No. 15 at 9. The Court need not resolve defendants' qualified-immunity defense at this point because Brooks has not pled a plausible claim for deliberate indifference against either Farmer or Meiser.

#### A. Brooks does not adequately state a deliberate-indifference claim against either Officer Farmer or Meiser under Section 1983.

The Court first considers whether Brooks has stated a claim under Section 1983 based on deliberate indifference. "Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984)). Brooks bases his Section 1983 claim on assertions that the officers' alleged deliberate indifference violated his rights under the Fourteenth Amendment.

"The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer*, 964 F.3d at 380 (citing *Thompson*, 245 at 457). "Deliberate indifference is

6

an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

A pretrial detainee alleging deliberate indifference must show that "(1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference." *Dyer*, 964 F.3d at 380 (quoting *Domino*, 239 F.3d at 755). An official's actual knowledge of a substantial risk may only be inferred if the "substantial risk" was obvious. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Moreover, deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 458–59. Rather, deliberate indifference is shown when a plaintiff properly alleges that officials "refused to treat him . . . or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Regarding the first element of deliberate indifference, Brooks's Complaint alleges a constellation of facts that, if true, would indicate that the officers were aware Brooks needed medical care—being found unconscious with blood on his face and ear, confused, unable to communicate or identify himself, and unsteady on his feet. Dkt. No. 1 ¶¶ 33–35. The officers argue that these facts, which the officers were alleged to have known, could have given rise to an inference that Brooks was intoxicated, and not the victim of assault or brain trauma. Dkt. No. 15 at 12. While it is certainly possible the circumstances could give rise to an inference that Brooks was intoxicated, the Court will nonetheless accept, as it must, plaintiff's facts as true and conclude that Brooks pled sufficient facts to support the first prong of the deliberate indifference analysis.

In his response to the Motion to Dismiss, Brooks also urges the Court to take judicial notice of the fact that having blood on the side of one's face indicates that an injury has occurred and not that an individual is intoxicated. Dkt. No. 18 at 10. Although the Court may take judicial notice of certain facts under Federal Rule of Evidence 201, the Court declines to do so here. Although having blood on one's face may indicate an injury has occurred, this is not necessarily true in all circumstances. Nor does this fact conclusively fail to indicate that a person is not intoxicated. Nonetheless, viewing the facts in the Complaint in the light most favorable to Brooks, the Court finds that the officers could have—or should have—drawn the inference that a substantial risk of harm existed.

However, Brooks's claim fails at the second prong of deliberate indifference because he fails to offer any facts or allegations that the officers actually drew such an inference. In his Complaint, Brooks makes conclusory allegations that the officers were subjectively aware of his obvious and serious medical needs and deliberately ignored signs of assault and traumatic brain injury. Dkt. No. 1 ¶¶ 268, 272–73, 276. These conclusory statements do not allow the Court to draw a reasonable inference that the officers were actually aware of a substantial risk of harm as required to demonstrate deliberate indifference.

In his response to the officers' Motion to Dismiss, Brooks introduces new factual allegations in an attempt to show that the officers "clearly drew the inference that a substantial risk of serious harm existed." Dkt. No. 18 at 10. He alleges that "Farmer and Meiser deliberately misstated Brooks' condition" to the Taylor County Jail staff by telling them that Brooks was on drugs and that it would take a few days for him to come off those drugs. *Id.* at 12. He claims that the officers "fabricated this story" in order to conceal the substantial risk to Brooks's health. *Id.* Brooks posits that these facts, if proven, would give

rise to a finding that the officers were actually aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that the officers drew such an inference. However, these supplemental assertions were not included in Brooks's complaint, and, as a result, they fall outside of the Court's permissible scope for resolving a motion to dismiss. *See Powell v. Dall. Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (explaining that in ruling on a motion to dismiss, statements and allegations made in a response brief but not contained in the complaint are not properly before the court).

In summary, Brooks's complaint fails to properly plead the second prong of the deliberate-indifference analysis. Thus, the Court finds that Brooks's deliberate-indifference claim against the officers should be dismissed.

### B. Because Brooks has failed to sufficiently plead a deliberate-indifference claim, his claim for bystander liability must also fail.

Brooks's second basis for establishing liability under Section 1983 is predicated on the theory of bystander liability—that is, one officer's alleged failure to protect Brooks from another officer's violation of Brooks's constitutional rights. Dkt. No. 1 ¶¶ 386–87. This claim depends on a properly pled deliberate-indifference claim, which is not currently present. Thus, the bystander-liability claim likewise fails.

An officer may be liable under a theory of bystander liability under Section 1983 if he "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (citations omitted). In resolving whether a plaintiff has sufficiently alleged a bystander-liability claim, the court also considers whether an officer has acquiesced in the alleged constitutional violation. *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)).

9

Here, because the Court has found that Brooks's allegations of deliberate indifference against Meiser and Farmer fail to sufficiently state a claim, there can be no constitutional violation here such that either or both of the officers could be liable under a theory of bystander liability. Thus, the court concludes that Brooks has not pleaded a plausible claim under either provision of Section 1983. Accordingly, the Court dismisses Brooks's claims against Farmer and Meiser.

### C. The Court grants Brooks one opportunity to amend his claim against Farmer and Meiser and properly address the issue of qualified immunity.

Although Brooks makes no specific request to amend any potential deficiencies in his complaint, the Court will allow leave for Brooks to replead in this case. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting that district courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). But a plaintiff should be denied leave to amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1487 (2d ed. 1990).

The Court notes that Brooks's response to the officers' motion to dismiss is thorough and appears to present his best case against the officers. Nonetheless, there is no indication that Brooks cannot, or is unwilling to, cure the pleading defects the court has identified. Accordingly, the Court finds that Plaintiff should be allowed one opportunity to amend his complaint in attempt to cure the deficiencies as to defendant's Farmer and Meiser.

If Brooks decides to amend, he must also file a Rule 7(a) reply that is tailored to the assertion of qualified immunity by defendants Farmer and Meiser. Plaintiff may file these as a single document, or as two separate filings. The reply shall define the clearly established law that the defendants are alleged to have violated, at an appropriate level of generality, and cite reported decisions of the Fifth Circuit or the Supreme Court of the United States to support its contentions.[3] No technical forms of pleading are required in a Rule 7 reply, but each reply "shall be simple, concise, and direct." *Brown v. City of Houston*, 297 F. Supp. 3d 748, 773 (S.D. Tex. 2017) (quoting *Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016)). Either way, plaintiff should allege facts that, if true, would show that these defendants subjectively knew of, but disregarded, a serious medical need or a substantial risk to Brooks's safety. Similarly, Brooks should plead facts that, if true, would overcome the defendants' assertions of qualified immunity and show that the alleged actions of these defendants were objectively reasonable under clearly established law at the time.

**4.     Conclusion**

Although Brooks's allegations are serious and the Court treats them accordingly, the Court finds that he does not allege sufficient facts to adequately state deliberate-indifference claims or bystander-liability claims against either Farmer or Meiser. For the reasons stated above, the Court grants defendants Farmer and Meiser's Motion to Dismiss the claims against them. Should Brooks elect to file an amended complaint and Rule 7(a) reply that is "tailored" to the officers' assertions of qualified immunity, such filings are due no later than

---

[3] Only published decisions can clearly establish the law. *See McCoy v. Alamu*, 950 F.3d 226, 233 n.6 (5th Cir. 2020).

11

28 days from the date of this order. If Brooks fails to do so, all claims against Farmer and Meiser will be dismissed with prejudice without further notice.

So ordered on October 21, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE